# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 27
James Healy,
      Respondent,
    v.
EST Downtown, LLC, c/o First
Amherst Development Group,
      Appellant.

James J. Navagh, for appellant.
Jonathan M. Gorski, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed, with costs, plaintiff's

motion for partial summary judgment on his Labor Law § 240 (1) claim denied, and

- 1 -

defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim granted.

Labor Law § 240 (1) requires certain contractors and property owners to provide adequate safety devices when workers engage in particular tasks involving elevation-related risks. To recover under section 240 (1) for an injury caused by a failure to provide such safety devices, plaintiffs must first show that they were engaged in one of that section's enumerated activities including, among others, "cleaning." To determine whether an activity is "cleaning" within the meaning of the statute, courts apply a four-factor analysis (*see Soto v J. Crew Inc.*, 21 NY3d 562, 568 [2013]). The first factor considers whether the work is "routine, in the sense that it is the *type* of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of *commercial premises*" (*id.* [emphasis added]). This factor does not involve a fact-specific assessment of a plaintiff's regular tasks—it instead asks whether the type of work would be expected to recur with relative frequency as part of the ordinary maintenance and care of a commercial property (*see id.* at 569).

Here, plaintiff's work was "routine" within the meaning of the first factor, which therefore weighs against concluding that he was "cleaning." "[V]iewed in totality," the *Soto* factors do not "militate in favor of placing the task" in the category of "cleaning" (*id.* at 568-569). Plaintiff's other coverage arguments are similarly unavailing; thus his work does not fall within the ambit of Labor Law § 240 (1)'s protection. Plaintiff's remaining arguments lack merit or are rendered academic by our decision.

Order reversed, with costs, plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim denied and defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim granted, in a memorandum. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas, Cannataro and Troutman concur.


Decided April 28, 2022